UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL SHEAR,

                          Plaintiff,

-against-

THE COUNTY OF SUFFOLK, THE SUFFOLK
COUNTY POLICE DEPARTMENT, SUFOLK
COUNTY POLICE OFFICER GREGORY SANDBICHLER,
IN HIS INDIVIDUAL AND OFFICIAL CAPACTY,
AND SUFFOLK COUNTY POLICE OFFICERS JOHN DOES #1-6
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

                          Defendants.

**ANSWER**

18-cv-03678(JFB)(AKT)

**JURY TRIAL DEMANDED**

      Defendants, County of Suffolk and Police Officer Gregory Sandbichler, by their attorney, Dennis M. Brown, Suffolk County Attorney, by Brian C. Mitchell, Assistant County Attorney, answering plaintiff's complaint respectfully:

      1.     Aver that the allegations contained in the paragraphs numbered 1, 2, 3, 4, 5, 6, 7 and 8 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

      2.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 9 and 13 of the complaint.

      3.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 10 of the complaint, except admit that Suffolk County is a Municipal Corporation.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 11 of the complaint, except admit that the Suffolk County Police Department is an administrative agency of Suffolk County.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 12 of the complaint, except admit that Gregory Sandbichler is employed by the Suffolk County Police Department.

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 14 and 17 of the complaint, and refer all questions of law to the Court.

7. Deny the allegations contained in paragraphs numbered 15, 16, 22 and 23 of the complaint.

8. Answering the paragraph numbered 18 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 19, 20, 21, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34 of the complaint.

**AS AND FOR DEFENDANTS' ANSWER
TO A FIRST CAUSE OF ACTION**

10. Answering the paragraph numbered 35 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 36, 37, 38 and 39 of the complaint, and refer all questions of law to the Court.

**AS AND FOR DEFENDANTS' ANSWER
TO A SECOND CAUSE OF ACTION**

12. Answering the paragraph numbered 40 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 41, 42, 43, 44 and 45 of the complaint, and refer all questions of law to the Court.

**AS AND FOR DEFENDANTS' ANSWER
TO A THIRD CAUSE OF ACTION**

14. Answering the paragraph numbered 46 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 47 and 48 of the complaint, and refer all questions of law to the Court.

**AS AND FOR DEFENDANTS' ANSWER
TO A FOURTH CAUSE OF ACTION**

16. Answering the paragraph numbered 49 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 50, 51, 52, 53, 54 and 55 of the complaint, and refer all questions of law to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

18. That the complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

19. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

20. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

21. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

22. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

23. That municipal defendants are not liable for punitive damage awards.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

24. That this Court lacks subject matter jurisdiction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. That defendants' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

29. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

30. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

31. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

33. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

34. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the Statute of Limitations.

**AS AND FOR A FIFTHEENTH AFFIRMATIVE DEFENSE**

35. That the Suffolk County Police Department is not an entity susceptible to suit.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
       August 16, 2018

Yours etc.,
Dennis M. Brown
Suffolk County Attorney
Attorney for County of Suffolk and
Police Officer Gregory Sandbichler
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

By:   */s/ Brian C. Mitchell*
Brian C. Mitchell
Assistant County Attorney

TO:

Paul V. Prestia, Esq.
Liakas Law Firm, P.C.
65 Broadway, 13th Floor
New York, New York 10006