UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MICHAEL SHEAR,

                                  18-cv-3678 (JFB) (AKT)

                      Plaintiff,

           - against-                              FIRST AMENDED
                                                                                       COMPLAINT AND
THE COUNTY OF SUFFOLK; POLICE OFFICER GREGORY    JURY DEMAND
SANDBICHLER, POLICE OFFICER RYAN MCMURRAY,
POLICE OFFICER JOSEPH GUIDO, and POLICE OFFICER
SEAN BRENNAN

                    Defendants,
-------------------------------------------------------------------------------X

      Plaintiff, MICHAEL SHEAR, by his attorneys, LIAKAS LAW, P.C., as and for this Complaint, respectfully alleges, upon information and belief:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages, and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. This Court can also exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because they are derived from the same nucleus of operative facts as the federal law claim such that Plaintiff would ordinarily expect to try them in one proceeding.

5. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant Suffolk County is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## NOTICE OF CLAIM

7. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the Suffolk County Attorney's Office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JURY TRIAL DEMAND

8. Plaintiff demands a trial by jury.

## PARTIES

9. At all times relevant hereto, Plaintiff, MICHAEL SHEAR (hereinafter "Plaintiff"), was and is a natural person, residing in the County of Suffolk and State of New York.

10. Suffolk County (or "the County") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant County, acting through the Suffolk County Police Department (or "SCPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all SCPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all SCPD personnel. In addition, at all times here relevant, Defendant County was responsible for enforcing the rules of the SCPD, and for ensuring that the SCPD personnel obey the laws of the United States and the State of New York.

11. Police Officer Gregory Sandbichler, Police Officer Ryan McMurray, Police Officer Joseph Guido, And Police Officer Sean Brennan were, at all times here relevant, police officers of

the SCPD, and as such was acting in the capacity of an agent, servant and employee of Suffolk County. On information and belief, defendants Sandbichler, McMurray, Guido and Brennan were involved in the use of excessive force against plaintiff and/or failed to intervene in the actions of his fellow officers. Defendants Sandbichler, McMurray, Guido and Brennan are sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

12. On or about January 15, 2017, at approximately 2:40 A.M., Plaintiff was operating a 2007 Ford Expedition northbound on Waverly Avenue in Patchogue, New York.

13. At the aforementioned time, Plaintiff was pulled over by Defendant Sandbichler, who requested plaintiff's license and registration.

14. Defendant Sandbichler took the aforementioned documentation, put it in his pocket, and asked plaintiff if his driver's license was suspended.

15. Defendant Sandbichler became aggressive towards Plaintiff, and subsequently took out his taser.

16. Just prior to being tased and out of fear for his safety, Plaintiff drove his vehicle away from the scene and attempted to get home.

17. Simultaneous to Plaintiff driving away, defendant Sandbichler lunged into the driver's side window and tased plaintiff.

18. Sandbichler got into his vehicle, accelerated ahead of plaintiff's vehicle, and pulled in front of Plaintiff's vehicle blocking his path.

19. Plaintiff stopped his vehicle and was surrounded and boxed in by several Suffolk County Police vehicles including vehicles driven by Sandbichler, McMurray, Guido and Brennan.

20. Officers Sandbichler, Brennan, McMurray, and Guido exited their vehicles with their guns drawn.

21. Additional Suffolk County Police Officers were on the scene as the defendants approached Plaintiff's vehicle.

22. Plaintiff raised his arms indicating a surrender. He then placed both his hands on the steering wheel.

23. Defendant Sandbichler discharged his firearm at plaintiff, hitting him in the shoulder.

24. Plaintiff was unarmed.

25. Plaintiff did not take any aggressive actions nor did he make any gestures or motions which could have been interpreted as an attempt to injure the officers.

26. Plaintiff, now bleeding from a gunshot wound and in extreme pain, was then forcefully removed from his vehicle by Sandbichler, Brennan, McMurray, and Guido.

27. Plaintiff did not resist his arrest.

28. During and immediately following Plaintiff's removal from his vehicle, Sandbichler, Brennan, McMurray, and Guido used excessive and unnecessary force against Plaintiff by punching, kicking, and hitting Plaintiff about the head and body.

29. Plaintiff was then handcuffed.

30. No medical aid was given to Plaintiff by Suffolk County Police Officers until Emergency Services Unit arrived approximately ten minutes later and transported Plaintiff to Stonybrook Hospital.

31. Plaintiff underwent surgery to remove the bullet from his back. Plaintiff remained in Stonybrook Hospital for four days.

32. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution;

    b. Physical pain and suffering;

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, anxiety;

    d. Economic loss.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983
(Against the Individual Defendants)

33. The above paragraphs are here incorporated by reference.

34. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Plaintiff under 42 USC § 1983.

35. By using excessive and unnecessary force against Plaintiff, defendants' conduct deprived Plaintiff of his right to be free of unreasonable searches and seizures, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution.

### SECOND CAUSE OF ACTION
Assault and Battery
(Against the Individual Defendants)

36. The above paragraphs are here incorporated by reference.

37. Defendant Sandbichler assaulted and battered Plaintiff when he tased Plaintiff and when he discharged his firearm at Plaintiff.

38. Defendants Sandbichler, McMurray, Guido, and Brennan, assaulted and battered Plaintiff when they beat him about the head and body.

39. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

40. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

41. Defendants deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, and the New York State Constitution.

42. Plaintiff was damaged by the assault and battery committed by defendants.

### THIRD CAUSE OF ACTION
Respondeat Superior
(Against the County of Suffolk)

43. The above paragraphs are here incorporated by reference.

44. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant Suffolk County and in furtherance of the defendant Suffolk County's interest.

45. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant Suffolk County, plaintiff was damaged.

46. Defendant Suffolk County is liable for the tortious conduct of their employees on the basis of respondeat superior.

### FOURTH CAUSE OF ACTION
Intentional/Reckless Infliction of Emotional Distress
(Against the Individual Defendants)

47. The above paragraphs are here incorporated by reference.

48. Defendants engaged in extreme and outrageous conduct by tasing Plaintiff, by shooting Plaintiff, and by assaulting Plaintiff as he suffered from a gunshot wound.

49. Defendants acted intentionally and/or with reckless disregard for the consequences of their actions.

50. Plaintiff suffered severe emotional distress as a result of defendants' actions.

## FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 -- Failure to Intervene
(Against the Individual Defendants)

51. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

52. Defendants Sandbichler, McMurray, Guido, and Brennan witnessed the use of excessive force by their fellow officers against Plaintiff, and had opportunity to intervene, yet failed in their duty to intervene to prevent violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(A) an order granting compensatory damages in an amount to be determined at trial;

(B) an order awarding punitive damages against the individual Defendants in an amount to be determined at trial;

(C) an order awarding Plaintiff reasonable attorneys' fees together with costs and disbursements, pursuant to 42 U.S.C. § 1988; and

(D) an order awarding such other further relief as the Court may deem just and proper.

Dated: New York, New York
March 8, 2019

_____
Nicholas Mindicino, Esq.
*Attorney for Plaintiff*
Liakas Law, P.C.
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765

7