UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL SHEAR,

                      Plaintiff,

-against-

THE COUNTY OF SUFFOLK; POLICE
OFFICER GREGORY SANDBICHLER,
POLICE OFFICER RYAN MCMURRAY,
POLICE OFFICER JOSEPH GUIDO, and
POLICE OFFICER SEAN BRENNAN,

                      Defendant.

**STIPULATION AND ORDER OF CONFIDENTIALITY**

18-cv-3678 (JFB)(AKT)

1. This stipulation applies to all parties and their counsel with respect to the production of "Confidential Documents" as defined below.

2. It is, accordingly, hereby agreed and stipulated that:

(a) "Counsel" is defined to mean attorneys for the parties and their employees, any party appearing *pro se*, outside counsel retained by counsel in this litigation and those employees of outside counsel necessary to assist in this litigation.

(b) "Confidential Documents" are defined to include Suffolk County Police Department personnel and disciplinary records; records relating to any Suffolk County Police Department Internal Affairs Bureau investigation(s), along with any Attachments in whatever medium; medical and/or psychiatric records of the plaintiff and any defendant; or any document subsequently stipulated as such by Counsels as being confidential, or in the absence of a stipulation, that are otherwise determined by the Court to be confidential.

1

(c) "Confidential Information" is defined as information contained in a confidential document which is not included in any source other than a confidential document; or any information subsequently stipulated as such by Counsels as being confidential, or in the absence of a stipulation, that is otherwise determined by the Court to be confidential.

(d) The United States District Court, Eastern District, is to have access to Confidential Documents subject to this Stipulation of Confidentiality.

(e) If properly demanded and discoverable, Counsel will produce for inspection one (1) copy of each Confidential Document to each of the other counsel. Counsel receiving said Confidential Document is prohibited from making their own copy of any Confidential Document or portions thereof given to Counsel pursuant to this stipulation, except for use as an exhibit to a paper filed in this litigation under paragraph 2(i) or except for internal working copies to be utilized solely by Counsel.

(f) Counsel shall not use any Confidential Document or any Confidential Information therein for any purpose other than the preparation or presentation of their respective client's case in this action. Counsel shall not disclose any Confidential Document or any Confidential Information therein to any person, except under the following conditions: (i) a member of the staff of their law office; (ii) an expert who has been retained or specially employed by Counsel to assist in the preparation of the litigation in this action; (iii) the Court (including the clerk, court reporter or court stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions; (iv) a witness during deposition; (v) in a paper filed in this litigation *(see paragraph 2(i), below)*; and

(vi) introduction into evidence during trial of the instant matter. Additionally, counsel may allow represented parties to review the confidential material in counsel's presence, to the extent necessary for the preparation of the action, but may in no case allow any party to retain the confidential material or review them outside of counsel's presence.

(g) Within one (1) week after the production to Counsel of a Confidential Document, Counsel shall return any document(s) that they believe they do not need for use in this litigation. (h) Upon the request of any Counsel who has produced a Confidential Document, within five (5) days after the entry of a final judgment in this litigation (including appeals or petitions for review), Counsel shall (i) return all Confidential Documents produced pursuant to this stipulation; and, (ii) destroy all notes, summaries, digests, and synopses of the Confidential Documents and Confidential Information therein.

(i) In the event that a party wishes to use a Confidential Document or any Confidential Information therein in any paper filed in this litigation, such paper (or part thereof containing the Confidential Document or Confidential Information) shall be filed under seal and maintained under seal by the Court.

(j) Any and all persons to whom Confidential Documents are made available or to whom Confidential Information is disclosed under this stipulation are to be bound by the restrictions contained herein. Attached hereto as "Exhibit A" is a form to be executed by persons receiving Confidential Document and/or Confidential Information subject to this Stipulation.

(k) It is further understood that this Stipulation be "So Ordered" without further notice and may then be enforced as a Court Order, even after the entry of final judgment

in this action. If this Stipulation is "So Ordered," a copy will be furnished to counsel upon issuance of said Order.

Dated: Hauppauge, New York, 11788
May 6, 2019

_____
By: Nicholas Mindicino
Attorney for Plaintiff Michael Shear
Liakas Law, P.C.
65 Broadway, 13th Floor
New York, New York 10006

_____
By: Brian C. Mitchell
Dennis M. Brown
Suffolk County Attorney
Attorney for County Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099

### SO ORDERED:

**Dated: Central Islip, New York**

_____, 2019

_____
**HON. A. KATHLEEN TOMLINSON, USMJ**